```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                     EASTERN DIVISION

MAURICE WILLIAMS,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   No. 4:07-CV-1309-TCM
                                     )
SCOTT E. SAILOR, et al.,             )
                                     )
            Defendants.              )
```

### MEMORANDUM AND ORDER

This matter is before the Court upon the application of Maurice Williams (registration no. 90884) for leave to commence this action without payment of the required filing fee.[1]

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

---

[1] Plaintiff has informed the Court that the institution in which he is incarcerated refuses to issue him an inmate account statement [Doc. #3].  In light of these facts, the Court will not assess an initial partial filing fee at this time.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a pre-trial detainee at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Scott E. Sailor (police officer), Clinton J. Bertke (police officer), and the Board of Police Commissioners. Plaintiff alleges that on or about March 7, 2007, defendants Sailor and Bertke "obtained an order from Judge Elizabeth Byrne Hogan . . . without a hearing for the sheriff's dept. to transport [him] to a lineup." Plaintiff further alleges that these defendants refused his request to speak with and to have his attorney present at the lineup, failed to give him his Miranda rights, and "forcibly placed [him] in this lineup in handcuffs and leg irons [with] persons not being in like manner."

**Discussion**

Plaintiff does not claim that, prior to the lineup, formal charges had been brought against him, or that, as a result of the lineup, he was identified as the perpetrator of any crime,

2

indicted on any charges, or confronted with any unreliable identification evidence at a subsequent trial. His allegations concern being "forcibly placed in this lineup." Thus, having carefully reviewed plaintiff's allegations, the Court concludes that the complaint is legally frivolous and fails to state a claim or cause of action. See United States v. Patane, 542 U.S. 630, 638 (2004)(no constitutional violation where police negligently or deliberately fail to provide suspect with full panoply of warnings prescribed by Miranda); Hensley v. Carey, 818 F.2d 646, 649-50 (7th Cir. 1987)(improper lineup, in itself, does not constitute distinct and actionable constitutional wrong; no constitutional right to impartial lineup as long as evidence gained through lineup is not used at trial; police officers not liable under § 1983 for failure to give Miranda warnings). Cf. Antonio v. Moore, 174 Fed.Appx. 131, 135 (4th Cir. 2006)(no constitutional violation for conducting improper lineup outside presence of counsel where defendant had pleaded guilty; unduly suggestive identification procedures in absence of defendant's counsel do not, in and of themselves, implicate Fourteenth or Sixth Amendment rights, as long as tainted evidence obtained is not used at trial).

     Last, although there is no indication in the complaint that plaintiff's right to counsel at the lineup had attached, see Kirby v. Illinois, 406 U.S. 682 (1972) (right to counsel does not attach to pre-indictment lineups), the Court notes that even it had, plaintiff's remedy would not lie in a § 1983 action for

monetary damages, but rather in the suppression of the lineup-evidence at his criminal trial.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this memorandum and order.

Dated this 31st day of July, 2007.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE